THE STATE OF IOWA *ex rel* CONLEY v. THE DISTRICT TOWN-SHIP OF THE CITY OF DUBUQUE.

1. DESCRIPTION IN MANDAMUS.    Where in a proceeding by *mandamus* to compel the payment of certain orders by the Treasurer of a school district, there was no description of the orders by number or amounts, nor a recital of the use to which the money to be drawn thereon should be applied, in either the petition or the alternative or peremptory writs of mandamus, it was held that the proceedings were defective and the peremptory writ should not have been granted.

*Appeal from Dubuque District Court.*

MANDAMUS.    The peremptory writ was ordered and from this respondent appeals.

The State of Iowa *ex rel* Conley v. The District Township of the City of Dubuque.

SATURDAY, OCTOBER 6.

*H. A. Wiltse,* for the appellant.

*Griffith & Knight,* for the appellee.

WRIGHT, J.—The objection that the court required the treasurer of the school district to pay the orders owned and held by the relator, when such orders were not so identified and designated, either in the petition, alternative or peremptory writs, as to distinguish them from any other orders held by himself or any other person, we think is well taken.

The language of the petition is, that he (the relator) " is now the owner and holder of school orders of the district township of the City of Dubuque to the amount of three hundred and thirteen dollars, which said orders are drawn by order of the board of directors and are signed by the President and countersigned by the Secretary of said district township of Dubuque, that such orders are payable out of any money in the teacher's fund of said corporation, not otherwise appropriated." The relator moved for a mandamus commanding the treasurer to pay to him " the school orders mentioned in the annexed affidavit," (petition.) The alternative writ describes the orders in the same manner as the petition, and commands the treasurer " to pay the said orders " or show cause. The objection to this method of describing the orders was made by respondent in his answer· On the hearing it was ordered " that a peremptory writ of mandamus issue to the respondent herein commanding him to pay the amount of said orders, on their presentation to him by the relator for payment."

From these recitations it will be seen that there is an entire and fatal want of definiteness in the description of the orders in every state of the case. How many orders relator had, he does not state, nor does it anywhere appear. Nor does he give the date, amount, number or any other description by which they can be distinguished from any other

orders. He states that he holds orders to the amount of three hundred and thirteen dollars, and this amount, without reference to dates, or respective numbers, or amounts of the warrants presented, the treasurer is required to pay. A description so indefinite will not answer, where it is sought to compel an officer to perform an act enjoined upon him as a duty resulting from his office. Suppose he had been willing to comply with the command of the alternative writ, what data had he from which he could determine the orders to be paid?. Not only so but he is expressly prohibited from paying any warrant which does not specify the fund on which it is drawn and the *specific use to which it is to be applied.* (Ch. 52. section 26 Laws of 1858, Board of Education, 1858, Act. 8, sections 22–3.) No paper in this record recites that the warrant specified *the use to which the money was to be applied.*

Without enlarging, we are clearly of the opinion that the proceedings are defective in the particulars indicated, and that the judgment should be reversed.